**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PIERRO JACKSON, #1152599,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0223-N |
| | ) | |
| **NATHANIEL QUARTERMAN,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil action filed by a state prisoner.[1]

Parties: Petitioner is presently incarcerated at the Coffield Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Tennessee Colony, Texas. Respondent is the TDCJ-CID Director. The Court did not issue process pending preliminary screening of Petitioner's pleadings and his answers to the magistrate judge's questionnaire filed on March 22, 2007.

---

[1] Although Petitioner filed this action on the form for seeking habeas corpus relief under 28 U.S.C. § 2254, it should be construed as a civil action seeking expungement of his arrest records. This action is not subject to the fee payment requirements under the Prison Litigation Reform Act (PLRA) because it is analogous to a mandamus action stemming from state criminal proceedings. *See In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (petition for writ of mandamus that arose out of application for post-conviction relief was not subject to PLRA fee payment requirements).

Statement of Case: Petitioner seeks to expunge his arrest records in connection with four criminal charges from Dallas County Texas in cause numbers F93-44169, F93-44201, F91-45332, and F91-45333. Petitioner correctly notes that the above actions were either no billed by the grand jury, or dismissed by the judge. (Answer to Question 1 of the Magistrate Judge's Questionnaire). He alleges that his arrests in the above cases will adversely affect future determinations of his eligibility for parole by the Texas Board of Pardons and Parole as well as his employment opportunities once he is released from confinement. (Answer to Question 2-3).

Findings and Conclusions: The Court granted Petitioner leave to proceed *in forma pauperis*. Therefore, this action is subject to screening pursuant to 28 U.S.C. § 1915A. That section 1915A provides in pertinent part that:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See* 28 U.S.C. § 1915(e)(2)(B).

Section 1915A(b) provides for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

There is no constitutional or general statutory right to expungement of executive branch records. *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 699-700 (5th Cir. 1997). While courts have the inherent, equitable power to expunge arrest records, such power is "exceedingly narrow" and to be applied "only in exceptional circumstances." *Id.* at 702; *see also United*

*States v. Friesen*, 853 F.2d 816, 817 (10th Cir. 1988); *see also United States v. Janik*, 10 F.3d 470, 472 (7th Cir. 1993); *United States v. Linn*, 513 F.2d 925, 927-28 (10th Cir. 1975) (noting that expungement should be reserved for "unusual or extreme cases").

The instant case does not present the type of unusual or extreme circumstances warranting the expungement of Petitioner's arrest records. *See Sealed Appellant*, 130 F.3d at 702 (concluding that the defendant had not met his burden of showing sufficient harm to be entitled to expungement). Petitioner advances two specific actions that he may suffer in the future as a result of his arrest records: (1) denial of parole, and (2) adverse employment consequences once released from confinement. (Answer to Question 1). Neither of these affected interests is constitutionally protected. The Fifth Circuit has long recognized that an inmate does not have a liberty interest in parole under Texas law. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *see also In re Mamoth*, 182 F.3d 917 (table), 1999 WL 455415 (6th Cir. Jun. 24, 1999) (affirming denial of motion to expunge arrest record because inmate did not have a liberty interest under Texas law concerning the granting of parole). Moreover, an individual does not have a constitutional right to have a specific employment opportunity once he has completed his sentence.

Moreover, the facts presented fall far short of establishing a basis for the exceptional equitable remedy of expungement. The records of the arrests at issue were created more than thirteen years ago. Of far greater significance is the fact that Jackson stood convicted of two felonies committed prior to the creation of any record of the arrests at issue and has been convicted of at least one subsequent conviction for which he is currently incarcerated. See

Jackson's answer to Question 6.[2]

Accordingly, Petitioner's request for expungement of arrest records lacks an arguable basis in law or in fact and should be denied.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the relief sought be in all things denied.

A copy of this recommendation will be mailed to Petitioner.

Signed this 29th day of March, 2007.

*Wm. F. Sanderson, Jr.*

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[2] Petitioner concedes that he is presently serving a twenty-five year sentence for possession of a controlled substance imposed in the Criminal District Court No. 5 in February 2003. (*See* Answer to Question 6).

4